## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:19-cr-00064-TWP-MJD |
| | ) |
| BRANDON MCLAURINE, | ) |
| | ) |
| Defendant. | ) |

**ENTRY DENYING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**

This matter is before the Court on a letter requesting assistance which the Court has interpreted to be a Motion for judicial recommendation concerning placement, filed by Defendant Brandon McLaurine, ("McLaurine"). (Dkt. 39.) McLaurine seeks a recommendation from this Court to be placed in a residential reentry center or halfway house for the remaining twelve months of his sentence. The Government has filed its Response in opposition to the Motion. (Dkt. 42.) For the reasons explained below, his Motion is **denied**.

## I. DISCUSSION

On May 30, 2019, McLaurine entered a plea of guilty to Count 1, Possession of a Firearm by a Prohibited Person and was sentenced to the custody of the Bureau of Prisons ("BOP") for a term of 57 months imprisonment, followed by supervised release for a term of 3 years. (Dkt. 30.) On April 14, 2021, McLaurine filed the instant request asking the Court to recommend to the BOP that he serve the last 12 months of his sentence "in a residential re-entry center halfway house" to "better help me with the transition of getting a job and getting back into society, which is a little different with the Covid 19 protocols and the large unemployment rate". (Dkt. 39 at 1.) McLaurine recognizes that under 18 U.S.C. § 3642(c)(1), the director of the BOP makes the determination

regarding community correction placement; however, he is asking for a statement from the Court to "help better my chances since the BOP is the entity that designates the place of the prisoner's imprisonment." *Id*. at 2.

The Government has responded in opposition, stating that McLaurine's plea agreement included an express agreement not to contest, or seek to modify, the defendant's conviction or sentence. (*See* Dkt. 11 at 11.) "The United States construes the defendant's filing in Docket 39 as a request for a modification of his sentence under 18 U.S.C. 3582(c). This request is barred by the plea agreement, and should be denied." (Dkt. 42.)

As noted by McLaurine, the BOP is solely responsible for designation and place of imprisonment pursuant to 18 U.S.C. § 3621(b). Under the Second Chance Act of 2007, the BOP has the authority to place inmates in an residential reentry center during the final portion of their sentences for up to 12 months. The Second Chance Act specifically provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Although the BOP considers any statements by the Court, any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the BOP under this section (18 U.S.C. § 3621) to determine or change the place of imprisonment of that person. It is also noted that under the Second Chance Act, all federal inmates are eligible for residential reentry center and home confinement placement; however, not all inmates receive the programs.

That said, the BOP considers several factors in making residential placements. For example, inmates who successfully complete the Residential Drug Abuse Program are specifically eligible for 120 days of community placement. Importantly, there is simply a limited number of bed spaces at the halfway houses and the Court is in no position to usurp the BOP's decision making in this regard. The BOP, not the Court, is best suited to make the residential placement determination for McLaurine.

The BOP bases its release plan decisions on many factors, and its assessment typically provides ample time for an inmate to accomplish their rehabilitative goals. McLaurine offers no information on whether or not he has been assessed by BOP officials; if he has not yet been assessed, his motion is premature. If a determination has been made, and if McLaurine believes that determination is arbitrary or capricious, he should first administratively challenge the BOP's release determination. If he has been assessed, and he disagrees with the BOP's plan for his release, he should provide an explanation to support his disagreement. The Court has consulted with the Probation Officer who suggests that McLaurine discuss his requests with his Case Manager, who can fully apprise him of his administrative remedies.

In sum, even if the terms of McLaurine's plea agreement do not preclude the Court from a making a recommendation concerning adjustments to his sentence, McLaurine has not presented any justification for being treated any differently that many other inmates. Accordingly, the Court must deny his request.

## II. CONCLUSION

For the reasons stated above, McLaurine's Motion for judicial recommendation concerning placement, Dkt. [39], is **DENIED**.

**SO ORDERED.**
Date: 6/3/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brandon McLaurine, #16976-028
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 5000
Pekin, Illinois  61555

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov